JOURNAL ENTRY and OPINION
Plaintiff Donna Stone appeals from a judgment based upon a jury verdict finding defendant Gina Medaglia-Dell liable to Stone in the amount of $33,199.20. Stone also appeals a post-judgment order denying her motion for judgment notwithstanding the verdict or, alternatively, for a new trial. She asserts:
 I. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY, OVER PLAINTIFF'S OBJECTION, ON THE ISSUE OF COMPARATIVE FAULT, WHEN THERE WAS NO EVIDENCE THAT PLAINTIFF WAS NEGLIGENT.
 II. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY, OVER PLAINTIFF'S OBJECTION, ON DUTY TO KEEP A LOOK-OUT WHEN THE EVIDENCE OF RECORD DID NOT SUPPORT THIS INSTRUCTION.
 III. THE TRIAL COURT ERRED IN OVERRULING THE PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
 IV. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR NEW TRIAL.
 V. THE JUDGMENT FINDING PLAINTIFF TO HAVE BEEN 40% COMPARATIVELY AT FAULT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
We find no error in the trial court's rulings and affirm its judgment.
 FACTUAL AND PROCEDURAL HISTORY
This case arises from an automobile collision which occurred on February 20, 1999. The complaint alleged that Dell negligently operated her vehicle on the northbound express lanes of Interstate 271 in Mayfield Village, Ohio on that date. She lost control of her vehicle, which traveled across a median strip and traversed the northbound local lanes of the interstate highway into the path of Stone's vehicle. Stone claimed she suffered injuries to her head, neck, chest and knees as a result of the collision. She sought damages for her medical care, pain and loss of income. Dell denied any negligence and asserted, among other things, that Stone herself was negligent and had assumed the risk of the activity in which she was engaged.
The case proceeded to a jury trial on May 30, 2000. At the trial, plaintiff testified that she was driving home from work at approximately 45 miles per hour in the right, northbound local lane of Interstate 271. It had been snowing, but she had not had any problems on the road. As she crossed a bridge over Wilson Mills Road,
 * * * I saw, out of the corner of my eye, out of the left side of my windshield I saw what now I know was the truck spinning, but by the time I had seen it, it was already in my path in front of me. I didn't see it my head was not turned to the left, and I saw it spinning from there.
 When I saw it, it had already reached within my vision from my windshield, you know, what I was looking out at, and the next thing I knew was we had collided* * * *.
On cross-examination, Stone testified that she stepped on the brake but took no evasive action because, I didn't feel there was time. It happened so fast. She said Dell's vehicle was approximately six feet in front of her when she first saw it.
Dell testified that she was driving in the right northbound express lane of Interstate 271 at 40 to 45 miles per hour when her vehicle (a pick-up truck) began to spin. She stepped on the brake. The vehicle continued to spin across the express lanes and into a grass median strip. At that point, the vehicle stopped spinning but continued to travel backward across the northbound local lanes, facing west and moving in an easterly direction. It had almost stopped by the time Stone's vehicle struck it.
Dell testified that Stone's vehicle was in the center local lane, not the right lane, and there were no other vehicles in the other two lanes. Stone was approximately fifty feet away when Dell's truck moved into her path. Dell testified that Stone took no evasive action before her vehicle collided with Dell. Dell did not notice whether Stone had applied the brakes.
The airbags in Stone's vehicle deployed when the vehicles collided. Stone testified that she suffered chemical burns and injured her knees; however, she was able to exit the vehicle on her own and declined paramedic treatment, electing to go home first and go to an emergency room for treatment later that same evening.
Dell's counsel requested jury instructions regarding comparative fault and the duty to keep a lookout. Stone's counsel objected to any instruction regarding comparative fault because, he argued, there was no evidence that Stone was negligent. He also objected to any instruction about a duty to keep a lookout. The court overruled these objections and instructed the jury as follows:
* * *
 If either party, by the use of ordinary care, should have foreseen some injury and damage and should not have acted, if they did act, should have taken precautions to avoid the result, then the performance of the act or the failure to take such precautions is negligence.
 The defendant claims that the plaintiff was negligent. The plaintiff was negligent if she failed to use that care for her own safety which a reasonably prudent person would use under the same or similar circumstances.
* * *
 The driver of a vehicle who has the right of way has the right to travel uninterruptedly in a lawful manner. The driver has the right to rely upon her preferred status and to assume, in the absence of knowledge to the contrary, that others will obey the law by yielding her the right of way.
 All motorists have a duty to keep a lookout, not only to the front of their vehicle, but to the sides and rear as the circumstances may warrant. Additionally, all motorists have a duty to exercise their rights in a reasonable manner upon becoming aware of a perilous situation.
* * *
The jury subsequently returned a verdict finding that both Dell and Stone were negligent and that their negligence was a proximate cause of Stone's injuries. The jury further found that Stone's negligence contributed 40% while Dell's contributed 60% to the collision. Finally, the jury found that Stone suffered damages (past and future) of $55,332.00. The court entered judgment for Stone for 60% of this amount, $33,199.20, on June 2, 2000.
On June 14, 2000, Stone moved for judgment notwithstanding the verdict, asking the court to set aside the portion of the verdict assigning 40% of the fault for the collision to her own negligence. Alternatively, Stone moved the court to order a new trial. The court overruled this motion on June 16, 2000. This appeal was timely filed on July 12, 2000.
 LAW AND ANALYSIS
Stone's assignments of error may be reduced to a single contention, that there was no evidence she was negligent; hence, Stone argues, the jury should not have been allowed to consider her comparative fault, the court should have granted her judgment notwithstanding the verdict or, alternatively, a new trial and the verdict finding her 40% at fault for the collision contravened the manifest weight of the evidence. We address all of these interrelated claims together.
Dell requested the instructions regarding comparative fault which were given to the jury in this case. Requested jury instructions should ordinarily be given if they correctly state the law applicable to the facts of the case and reasonable minds might reach the conclusion proposed by the instruction. Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 591. By the same token, the court should confine its instructions to issues raised by the pleadings and evidence. It should not instruct on an issue for which there is no supporting evidence. Conroy v. Beck (June 6, 1996), Cuyahoga App. No. 69525, unreported.
There was evidence from which a jury could find Stone was comparatively negligent and that her negligence was a proximate cause of the collision. Though Stone had the right of way, she was obligated to use ordinary care to protect herself when she perceived that Dell had violated that right of way. Stone urges that she did not have time to avoid striking Dell's truck, but this was a question of fact for the jury, not a question of law. A reasonable jury could have found that if Stone had time to brake (as she testified she had), she had time to turn her wheel to avoid colliding with Dell's vehicle. Therefore, the court did not err by instructing the jury about comparative negligence and the duty to keep a lookout.
Stone argues that the court's instruction about the duty to keep a lookout was erroneous because she had no duty to look out for someone who might violate her right of way. This was not the import of the court's instruction. The court instructed the jury that there was a duty to look out as the circumstances may warrant. This was immediately preceded by an instruction that a person with the right of way has the right to rely upon it and assume others will yield to them and was followed by the instruction that motorists have a duty to exercise their rights in a reasonable manner upon becoming aware of a perilous situation. Viewed as a whole, these instructions do not imply that a driver has a duty to anticipate violations of his or her right of way, as Stone suggests.
We find no error in the court's instructions regarding comparative fault and the duty to keep a lookout. It follows that the court also did not err by denying appellant's motion for judgment notwithstanding the verdict or, alternatively, a new trial, as both of these motions were predicated on the assumption that the jury instructions were erroneous.
Finally, the verdict did not contravene the manifest weight of the evidence. There was competent, credible evidence to support the jury's conclusion that Stone was 40% at fault for the collision because she failed to take steps to avoid colliding with Dell.
Each of Stone's assignments of error is overruled. The trial court's judgment is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________ KENNETH A. ROCCO, J.
TIMOTHY E. McMONAGLE, P.J. and COLLEEN CONWAY COONEY, J. CONCUR